**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 07-20167-08-KHV |
| CHARLES SINGLETON, ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Pursuant To Rule 60(b)(6) Asking The District Court To Apply The 2010 Fair Sentencing Act New 18 To 1 Ratio Retroactive</u> (Doc. #642) filed February 4, 2011. For reasons stated below, the Court overrules defendant's motion.

On June 5, 2009, the Court sentenced defendant to 120 months in prison. Defendant asks the Court to reduce his sentence based on the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372., which in part reduced the crack cocaine/powder cocaine ratio to 18:1 in the Sentencing Guidelines and raised the amount of crack cocaine necessary to trigger the ten-year mandatory minimum from 50 to 280 grams. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See <u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); <u>see</u> <u>Blackwell</u>, 81 F.3d at 947-48. None of

these exceptions apply here.¹ Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See id.; Fed. R. Civ. P. 35 (authorizes resentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Civ. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.²

**IT IS THEREFORE ORDERED** that defendant's Motion Pursuant To Rule 60(b)(6) Asking The District Court To Apply The 2010 Fair Sentencing Act New 18 To 1 Ratio Retroactive (Doc. #642) filed February 4, 2011 be and hereby is **OVERRULED**.

---

[1] Defendant is not entitled to relief under the Fair Sentencing Act. The Fair Sentencing Act is not retroactive. See United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010). The "general savings statute," 1 U.S.C. § 109, requires the Court to apply the penalties in place at the time the crime was committed, unless the new law itself expressly provides for retroactive application. United States v. Reed, 2010 WL 5176818, at *4 (10th Cir. Dec. 22, 2010); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010). The Fair Sentencing Act of 2010 contains no provision for applying the law retroactively. See Reed, 2010 WL 5176818, at *4. Accordingly, the Fair Sentencing Act does not authorize the Court to reduce defendant's sentence.

Even if the Fair Sentencing Act applied retroactively, defendant would not be entitled to relief. Defendant pled guilty to the offense of conspiracy to manufacture, to possess with intent to distribute 50 grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of cocaine. See Plea Agreement ¶ 1. The Fair Sentencing Act did not alter the 10-year mandatory minimum sentence which applies to possession with intent to distribute and distribution of five kilograms or more of powder cocaine. See 21 U.S.C. § 841(b)(1)(A)(ii).

[2] Rule 60(b)(6) of the Federal Rules of Civil Procedure does not apply in criminal proceedings, see Fed. R. Civ. P. 1 (civil rules govern procedure in federal cases of a civil nature), and certainly does not "expressly permit" the Court to alter sentences in criminal cases as required by 18 U.S.C. § 3582(c)(1), (2).

Dated this 11th day of February, 2011 at Kansas City, Kansas.

                                              s/ Kathryn H. Vratil
                                              KATHRYN H. VRATIL
                                              United States District Judge