IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 07-20167-08-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| CHARLES R. SINGLETON, | ) | No. 11-2406-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28 United States Code Section 2255 (Doc. #655) filed July 21, 2011. In the interest of justice, the Court directs the parties to file briefs which are limited to the issue of potential procedural bars to defendant's motion. See United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice). In particular, defendant's claims appear to be barred because they are not timely.[1] A court may raise procedural bars *sua sponte* but must afford the movant an opportunity to respond to the defenses. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. DeClerck, 252 Fed. Appx. 220, 224 (10th Cir. 2007) (district courts "permitted, but

---

[1] Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. A judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. Clay v. United States, 537 U.S. 522, 524-25 (2003). Here, the Tenth Circuit issued its mandate on January 19, 2010. The deadline to file a petition for certiorari expired on or about March 29, 2010, i.e. 69 days after the appellate court issued its mandate. See id.

not obliged" to review, *sua sponte*, whether Section 2255 motion timely filed); <u>United States v. Barajas-Diaz</u>, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar *sua sponte* where transcendent interests served by that defense warrant it).

**IT IS THEREFORE ORDERED that on or before August 22, 2011, the government shall file a brief which is limited to the issue of potential procedural bars to defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28 United States Code Section 2255 (Doc. #655) filed July 21, 2011. On or before September 12, 2011, defendant may file a response brief which is limited to the issue of potential procedural bars to his motion.**

Dated this 8th day of August, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge