# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 07-20167-08-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| CHARLES R. SINGLETON, ) | No. 11-2406-KHV |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On February 12, 2009, defendant pled guilty to conspiracy to manufacture, to possess with intent to distribute and to distribute 50 grams or more of cocaine base and to possess with intent to distribute five kilograms or more of cocaine. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #335).[1] On June 5, 2009, the Court sentenced defendant to 120 months in prison. This matter is before the Court on defendant's Motion To Vacate, Set Aside Or Correct Sentence Pursuant To Title 28, United States Code, Section 2255 (Doc. #655) filed July 21, 2011. For reasons stated below, the Court overrules defendant's motion.

## Analysis

Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final.[2] When a defendant has filed an appeal, a

---

[1] The Honorable Carlos Murguia presided at the change of plea hearing. In exchange for defendant's guilty plea, the government agreed to dismiss three other counts against defendant: use of a communication facility to facilitate the conspiracy, possession with intent to distribute cocaine, and use and carry of a firearm during and in relation to a drug trafficking crime. See Plea Agreement ¶ 1.

[2] The one-year period of limitation runs from the latest of –

(continued...)

judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's ruling. Clay v. United States, 537 U.S. 522, 524-25 (2003). Here, the Tenth Circuit issued its mandate on January 19, 2010. The deadline to file a petition for certiorari expired on or about March 29, 2010, i.e. 69 days after the appellate court issued its mandate. See id. Therefore defendant had until March 29, 2011 to file a motion to vacate under Section 2255.

Defendant concedes that his motion is not timely under Section 2255. But defendant argues that the Court should not enforce the procedural bar because he is innocent. Under certain circumstances a claim of actual innocence may be a ground for equitable tolling of the limitations period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (AEDPA statute of limitations subject to equitable tolling only in rare and exceptional circumstances such as when prisoner is "actually innocent"). Actual innocence in this regard means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); see Sawyer v. Whitley, 505 U.S. 333, 339 (1992). To establish actual innocence, a petitioner must demonstrate that "it is more likely

---

[2](...continued)
(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

than not that no reasonable juror would have convicted him in the light of . . . new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995); see United States v. Starr, 275 Fed. Appx. 788, 789 (10th Cir. 2008); see also Bousley, 523 U.S. at 623 (applying Schlup standard to Section 2255 motion). To be credible, a claim of actual innocence ordinarily must be supported with new reliable evidence such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. See Schlup, 513 U.S. at 324. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful. Id. at 324.

Here, defendant asserts that his attorney allowed him to plead guilty to a conspiracy which involved 50 grams or more of cocaine base and five kilograms of more of cocaine when in fact the presentence investigation report ("PSIR") held defendant accountable for only two and a half kilograms of cocaine.[3] Defendant does not allege or explain how he is factually innocent of the crime of conspiracy which is based on his agreement with others to commit certain drug offenses. That agreement is "a distinct evil, which may exist and be punished whether or not the substantive crime ensues." United States v. Jimenez Recio, 537 U.S. 270, 274 (2003) (internal quotation marks

---

[3] The PSIR calculated the drug amount attributed to defendant as follows:

> At the time of his arrest, Charles Singleton possessed just over $32,000, enough to purchase 1½ kilograms of cocaine. In CS3's proffer, it is also noted that Singleton is known to purchase one kilogram of cocaine at a time. Wire intercepts and surveillance also support the connection between Locke and Singleton. Considering this information, Singleton is accountable for 1½ kilograms converted from the currency in his possession at the time of his arrest. Additionally, from the CS3 proffer statement, it is known that Singleton purchased a kilogram of cocaine on at least one other occasion. Adding one kilogram, results in the defendant being accountable for 2½ kilograms of cocaine.

PSIR ¶ 99.

and citations omitted); see United States v. McCullough, 457 F.3d 1150, 1162 (10th Cir. 2006) (essence of conspiracy is agreement to commit substantive offense). Defendant pled guilty to conspiracy and was "subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." 21 U.S.C. § 846. Under the conspiracy statute, the quantity of controlled substances which was the object of the conspiracy established the applicable statutory minimum and maximum under Section 841(b)(1)(A). At the change of plea hearing, defendant admitted that the object of the conspiracy was to possess with intent to distribute and to distribute 50 grams or more of cocaine base and to possess with intent to distribute five kilograms or more of cocaine. See Transcript Of Change Of Plea Hearing (Doc. #533) filed September 3, 2009 at 2, 5; see also id. at 7-8 (by pleading guilty, defendant admitted all facts alleged in charge); id. at 8-9 (defendant understood that he was subject to minimum term of 10 years in prison). Whether defendant or his co-conspirators actually had an opportunity to commit the underlying offenses is irrelevant for purposes of determining the statutory minimum and maximum.[4]

---

[4] In contrast, the relevant conduct provision of the Guidelines, U.S.S.G. § 1B1.3, is not based on the quantity of drugs which was the object of the agreement. In the case of jointly undertaken criminal activity, relevant conduct under the Guidelines includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). Such conduct, however, does not include the conduct of members of a conspiracy "prior to the defendant joining the conspiracy, even if the defendant knows of that conduct." App. Note n.2. Another Application Note to the relevant conduct provision notes that the principles and limits of sentencing accountability under the guideline are not always the same as the principles and limits of criminal liability. See App. Note n.1; cf. United States v. Foxx, 544 F.3d 943, 953 (8th Cir. 2008) (for purposes of statutory minimum, drug quantities distributed by conspiracy can be "reasonably foreseeable," even if those quantities were distributed before defendant joined conspiracy).

Defendant refers to PSIR statements about his personal involvement, but such evidence is not "new evidence" and does not establish the scope of the object of his agreement.[5] Defendant has not alleged or shown that in light of "new" evidence, more likely than not, no reasonable jury would have convicted him.[6] Because defendant has not presented credible new evidence of actual innocence, the Court overrules his Section 2255 motion as untimely.[7]

## **Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which are not directly refuted by the record or if true, would entitle him to relief. Accordingly, no evidentiary hearing is required on defendant's claim of actual innocence. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States

---

[5] The PSIR notes that Boytina Locke told Confidential Source #1 that the money which officers seized from defendant was to be used for the purchase of one and a half kilograms of cocaine. See PSIR ¶ 82. The PSIR also notes that Confidential Source #3 knew defendant "to be a kilogram at a time customer." See id., ¶ 96. The PSIR simply assigned one kilogram of cocaine to defendant based on the statement of Confidential Source #3 and apparently did not attempt to determine whether Confidential Source #3 observed defendant on multiple occasions with one kilogram of cocaine. In any event, the fact that defendant was personally responsible for at least 2.5 kilograms of cocaine and dealt in kilogram quantities of cocaine is entirely consistent with an overall agreement involving distribution of five kilograms or more of cocaine.

[6] Defendant also has failed to address his innocence of the three counts which the government agreed to dismiss as part of the plea agreement. See Bousley, 523 U.S. at 624 (showing of actual innocence must also extend to any charges which the government did not pursue as part of plea bargain). Most notably, defendant does not address Count 31 which charged him with using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The gun charge carried a mandatory 60-month consecutive sentence.

[7] Defendant alleges that counsel did not adequately explain conspiracy law. The Court need not address this argument to determine whether defendant has satisfied the actual innocence standard.

v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[8] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing that he is actually innocent. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28 United States Code Section 2255 (Doc. #655) filed July 21, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

---

[8] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dated this 21st day of November, 2011 at Kansas City, Kansas.

                                                  s/ Kathryn H. Vratil
                                                  KATHRYN H. VRATIL
                                                  United States District Judge