IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 07-20167-08-KHV |
| ) | |
| CHARLES R. SINGLETON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>Motion Audita Querela Pursuant To Title 28 U.S.C. 1651 All Writs Act Asking District Court To Correct Its Final 21.846 Conspiracy Conviction Sentencing Judgment Consistent With The Court's Factual Finding At Sentencing That Defendant Was Not Guilty Or Reasonably Foreseeable For 5 Kilos Of Cocaine Or 50 Grams Of Cocaine Base In Violation Of 21.841(b)(1)(A) Offense Penalties</u> (Doc. #703) filed May 29, 2012. For reasons stated below, the Court overrules defendant's motion for lack of jurisdiction.

A writ of *audita querela* is not available to a defendant when other remedies exist such as a motion to vacate sentence under 28 U.S.C. § 2255.[1] See United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 Fed. Appx. 160, 162 (10th Cir.

---

[1] The writ of *audita querela* is used to challenge a judgment that was correct at the time it was entered but which it would be unjust to execute because of matters which arise after it was entered. United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002); Oliver v. City of Shattuck ex rel. Versluis, 157 F.2d 150, 153 (10th Cir. 1946). The Tenth Circuit has questioned whether a writ of *audita querela* may ever issue in the criminal context. See United States v. Ballard, 334 Fed. Appx. 141, 143 (10th Cir. 2009).

2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective. Bradshaw, 86 F.3d at 166. A defendant cannot avoid the bar against successive Section 2255 petitions by simply styling a petition under a different name. Torres, 282 F.3d at 1246.

The Court in its discretion construes defendant's present motion as a second or successive petition under 28 U.S.C. § 2255.[2] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in making a decision to transfer an action or instead to dismiss the action without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Id. at 1223 n.16.

Because it appears that defendant's motion is without merit, the Court overrules the motion

---

[2] Ordinarily, before the Court recharacterizes a pro se document as a Section 2255 motion, it will provide defendant an opportunity to withdraw the motion (in the event he wants to wait and combine the arguments with a subsequent motion) or to supplement it. See Castro v. United States, 540 U.S. 375, 383 (2003). Where the motion is untimely, however, defendant is not prejudiced by lack of such notice. See Torres, 282 F.3d at 1245-46.

rather than transferring it to the Tenth Circuit Court of Appeals. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy any of authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).  A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).

Defendant seeks relief for substantially the same reasons stated in his motion under 28 U.S.C. § 2255, which the Court overruled as untimely. See Memorandum And Order (Doc. #676). In that order and in the order on defendant's motion to reconsider, the Court explained that defendant's claim was untimely because defendant filed his Section 2255 motion more than one year after his conviction was final and he had not shown actual innocence. See Memorandum And Order (Doc. #680) at 2-4; Memorandum And Order (Doc. #676) at 3-5. On appeal, the Tenth Circuit Court of Appeals held that this Court's conclusion was not reasonably debatable. See Order Denying Certificate Of Appealability (Doc. #700) filed April 19, 2012. In the present motion, defendant simply re-asserts the same claim under the guise of a motion for *audita querela*. For substantially the reasons stated in the Court's prior orders and the Tenth Circuit's order denying a certificate of appealability, the Court finds that defendant's present motion should be overruled for lack of

jurisdiction.  For reasons stated above, the Court declines to transfer the present motion to the Court of Appeals for processing.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Audita Querela Pursuant To Title 28 U.S.C. 1651 All Writs Act Asking District Court To Correct Its Final 21.846 Conspiracy Conviction Sentencing Judgment Consistent With The Court's Factual Finding At Sentencing That Defendant Was Not Guilty Or Reasonably Foreseeable For 5 Kilos Of Cocaine Or 50 Grams Of Cocaine Base In Violation Of 21.841(b)(1)(A) Offense Penalties</u> (Doc. #703) filed May 29, 2012, which the Court construes as a second or successive petition under 28 U.S.C. § 2255, be and hereby is **OVERRULED for lack of jurisdiction**.

Dated this 31st day of July, 2012 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge